## MARTIN v. STEARNS ET AL.

| | |
|---|---|
| 52 | 345 |
| 85 | 47 |
| 52 | 345 |
| 89 | 365 |
| 52 | 345 |
| 101 | 477 |
| 52 | 345 |
| 107 | 731 |
| 107 | 735 |
| 107 | 736 |
| 52 | 345 |
| 117 | 643 |

1. **Landlord and Tenant:** LEASE: SURRENDER OF. To constitute the surrender of a lease, which will relieve the lessee from future liability for rent, the assent of the lessor to such surrender is necessary. Facts considered which were held not to show such assent.

2. ——: ——: LIEN OF LANDLORD. Under section 2017 of the Code, a landlord has a lien upon all property of the tenant, not exempt from execution, used upon the leased premises, for the rent of the entire term of the lease, and such lien attaches to the property as soon as brought upon the premises.

*Appeal from Cass District Court.*

TUESDAY, OCTOBER 28.

ACTION for an injunction to restrain the defendants from selling a stock of goods. The plaintiff claims to have a landlord's lien upon the goods. In October, 1877, the plaintiff leased a store-room to the defendant Stearns, for the period of two years, at a monthly rental of $55, payable monthly in advance. Stearns placed a stock of goods in the store-room, and proceeded to sell the same at retail, in the ordinary method of such trade, until February, 1778. Prior to that time he had purchased goods of the defendants Smith & Crittenden, and to secure them had given them a chattel mortgage upon the stock, the same being executed after the commencement of the lease. In February, 1878, Stearns' circumstances became

such that Smith & Crittenden, with the consent of Stearns, placed a clerk in the store for the purpose of securing the payment of their claim from the proceeds of the sales. In the meantime the stock became greatly reduced, and Stearns became insolvent. The plaintiff avers that the sales were being forced by unusual processes, and beyond the due course of retail trade. All rent, however, at this time had been paid monthly in advance, according to the terms of the lease; but the plaintiff became apprehensive that the stock would become exhausted in the payment of Smith & Crittenden, and that nothing would be left for the security of the rent that was yet to accrue. He accordingly, in the month of February, 1878, brought this action for an injunction to restrain the defendants from selling the goods, or any part thereof, until the rent for the entire term should be paid. A preliminary injunction was granted. The defendants Smith & Crittenden moved to dissolve, and at the same time offered to give security for the plaintiff's protection. The court ordered that the injunction be dissolved, upon Smith & Crittenden filing a bond in the sum of twelve hundred dollars, conditioned that they would return the goods if it should be adjudged that they were subject to a lien in favor of the plaintiff, or that they would discharge the lien. The bond being filed, the injunction was dissolved and the goods were removed by Smith & Crittenden, and subjected to the payment of their claim. Upon the removal of the goods, and before any rent was overdue or had accrued, Stearns vacated the store and so notified the plaintiff, and left the keys of the store with him. The plaintiff in the exercise of reasonable diligence leased the store after a few months at a reduced rent. The defendants answered, averring that the premises and lease were surrendered while no rent was overdue or had accrued. Upon the hearing the court found that there had been a surrender as alleged, and dismissed the plaintiff's petition. The plaintiff appeals.

*Chapman & Chapman* and *H. G. Curtis*, for appellant.

*Sapp, Lyman & Ament* and *Temple & Phelps*, for appellees.

ROTHROCK, J.—I. A surrender, as the term is used in the law of landlord and tenant, is the yielding up of the estate to the landlord so that the lease-hold interest becomes extinct by mutual agreement between the parties. *Beall v. White*, 4 Otto, 382 (389). The lease being terminated by agreement the lessee is of course discharged, except for rent already accrued. To constitute such agreement it is not necessary that express words should be used to that effect. It is sufficient if the reasonable inference from the acts of the parties, and the circumstances under which they are performed, is that such was the understanding. *Hill v. Robinson*, 23 Mich., 24. But where acts are relied upon as evincing the understanding, they should be such as are not easily referable to a different motive. *Griffith v. Hodges*, 1 C. & P., 419. No express agreement was made in this case. The acts relied upon as evincing the agreement were the acceptance of the keys by the plaintiff, and the leasing of the property to another tenant. But the plaintiff insists that these acts are insufficient, because after the premises were vacated and the keys left with him he could not properly refuse to receive the keys, and take charge of the property and lease it to another person for the best rent which he could obtain, so as to diminish the damages which he would otherwise sustain. There is much force in this position. What the inference would be from the mere receipt of the keys and the leasing of the premises by the landlord to another person we need not determine. There is a circumstance in this case which we deem of controlling importance. The plaintiff, at the time of the alleged surrender, had brought this action to secure the payment of the rent yet to accrue. He had brought it in view of an apprehended abandonment of the premises, and the fact that the rent contracted for in the lease was greater than the actual rental value, yet not a word was said about dismissing the action or discharging the lessee from the claim made in the action. In our opinion no discharge was agreed upon and the defendant Stearns remained liable.

II. But the defendants Smith & Crittenden insist that, even if this be so, the plaintiff had no lien upon the goods in ques-

*Margin note:* 1. LANDLORD and tenant: lease: surrender of.

tion. Their position is that as the rent was made payable
monthly in advance, and was kept so paid until the
commencement of the action, the plaintiff had no
claim for rent at that time, and consequently no lien for rent.

2. ——: ——:
lien of land-
lord.

The question presented involves a construction of section
2017 of the Code, which is in these words: "A landlord shall
have a lien for his rent upon all crops grown upon the demised
premises, and upon any other personal property of the tenant
which has been used on the premises during the term, and not
exempt from execution, for a period of one year after a year's
rent, or the rent of a shorter period claimed, falls due, but
such liens shall not in any case continue more than six months
after the expiration of the term." The plaintiff insists that
under this statute he acquired a lien for the rent for the entire
term, and that the lien for the whole of such rent attached
from the commencement of the lease upon all property of the
tenant then on the premises, and upon all other property of
the tenant afterwards brought upon the premises, commencing
as soon as it was brought thereon. In support of this con-
struction he relies upon *Grant v. Whitwell*, 9 Iowa, 153;
*Carpenter v. Gillespie*, 10 Iowa, 592; and *Garner v. Cutting*,
32 Iowa, 547.

This position we believe to be correct. Counsel for appel-
lees endeavor to distinguish the case at bar from those just
cited, but it seems to us they determine the very question
under discussion. It is urged that in the cases cited the at-
tempted fraudulent disposition of the property by the tenant
was an important consideration. We do not so understand
the opinions in those cases. In *Grant v. Whitwell et al.* it
is distinctly held that the statute gives to the landlord a se-
curity for his "rent as such and beforehand, his rentage as it
may fall due, and not merely for a debt now due." This con-
struction of the statute was followed in *Carpenter v. Gilles-
pie;* and in *Garner v. Cutting* the court, upon a full discus-
sion of the previous cases, adhered to the rule that the lien
exists not only for rent due, but for what may become due
during the term. Now the disposition of the property by the
tenant, as shown in this case, while it may not have been with

Martin v. Stearns.

any actual fraudulent intent upon the part of the tenant, yet it destroyed the security which the law gives the landlord for his rent, and in this sense defrauded him of his statutory lien. In short, if the right to the lien for rent not yet due be conceded, it follows that the landlord should by proper proceedings be enabled to prevent such a disposition of the property as would make the security worthless. We are united in the opinion that the case at bar cannot be distinguished from the cases cited.

III. It is insisted that the cases of *Grant v. Whitwell, Carpenter v. Gillespie,* and *Garner v. Cutting,* should be overruled because the construction of the statute adopted in those cases is erroneous and unsound.

It is not necessary to enter upon a discussion of that question here. It is enough to say that a majority of the court are of the opinion that no sufficient reason exists for changing a rule which has been so long established. The section of the statute in question is a literal copy of section 2302 of the Revision of 1860, and of section 1270 of the Code of 1851. The case of *Grant v. Whitwell et al.* was decided in 1859, under the Code of 1851. The case of *Garner v. Cutting* was determined in 1871, under the Revision of 1860. Notwithstanding the construction placed upon the statute by these cases, the general assembly have twice re-enacted the statute without change or amendment. Under these circumstances, and in view of the fact that leases now in existence, including the one in controversy, have presumably been made in reliance upon the law as it now is, we do not think a change of the rule should be a question to be entertained by this court.

For the error in holding that there was a surrender of the lease, the decree of the court below must be

REVERSED.

Mr. Justice DAY and Mr. Justice ADAMS dissent, upon the grounds expressed in the dissenting opinion of Mr. Justice DAY in *Garner v. Cutting,* above cited.