## WHEELER v. BAKER.

1. **Contract:** WRITTEN LEASE VARIED BY SUBSEQUENT PAROL EVIDENCE: TENDER. Where in an action for rent upon a written lease, providing for the payment of $20 per month, the defendant sets up a subsequent parol contract providing for the payment of only $16⅔ per month, the burden is upon him to establish the subsequent parol contract and the consideration on which it is based; and this is not done by proof of the fact that plaintiff accepted $16⅔ per month for a part of the time; nor is plaintiff's action barred by the tender of $16⅔ per month for that portion of the term for which the suit is brought.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, JUNE 15.

THE plaintiff claims of the defendant the rent of certain premises for the months of July and August, 1880, at the rate of $20 per month, under a written lease, executed October 1st, 1878. The defendant for answer alleges that after the making of the written contract sued upon, he and plaintiff entered into another and different verbal contract, fixing the monthly rent of said premises at $16⅔ per month, that defendant and plaintiff have acted upon and treated said verbal contract as their contract, and defendant has paid the sum of $16⅔ per month, which plaintiff has accepted in full payment; and that defendant, on the 18th day of June, 1880, tendered to said plaintiff the rent of said premises from July 1st to October 1st, 1880. The plaintiff, for reply, admitted that defendant has paid the rent on said premises to July 1st, 1880, at the rate of $16⅔ per month, but averred that the payments were made on the written contract, and accepted by

the plaintiff in lieu of the $20 per month stipulated, without waiving any right to demand $20 per month. The plaintiff also. admitted that the defendant, June 18th, 1880, offered her $50, if she would execute to defendant a release from future liability on the written contract, which she refused. The testimony being introduced, the court withdrew the cause from the jury and rendered a judgment in favor of the plaintiff for $43.38, the amount of two months rent at $20 per month, and interest. The defendant appeals. The facts are stated in the opinion.

*L. Bullis*, for appellant.

*Willett & Willett*, for appellee.

DAY, J.—The amount in controversy being less than one hundred dollars the court certified the questions upon which our opinion is desired, as follows:

"1st. Under the issue was the following evidence adduced by defendant such as entitled him to have it passed upon by the jury?

" 2d. Was it evidence of an alteration of the terms of the lease?

" 3d. Had the judge the lawful right to take the cause from the jury, strike out the evidence, and give the plaintiff judgment at the rate of $20 per month?

" 4th. Was that evidence competent and proper to be submitted to the jury?

" 5th. Was the tender shown by the evidence sufficient to bar the cause of action?

" 6th. With that evidence, had plaintiff a cause of action on his lease alone; were not the terms of it changed by the parties to it; and did not, in law, that change make a new and different contract from that sued on?"

The evidence referred to in this certificate is as follows:

The plaintiff introduced a written lease for the premises in question, executed between S. H. Wheeler and G. Baker, for

the term of one year, commencing October 1st, 1878, at the agreed rent of $240, the sum of $20 being payable on the first day of each month, for the month, the said Baker having the privilege of the building for five years. The plaintiff also proved that the defendant occupied the premises till June 18th, 1880.

The defendant, to establish the change in the written contract alleged in his answer, introduced fifteen receipts. Number one is as follows: "Received of G. R. Baker, $66.66, credit account and fifty dollars cash, for rent on store room and cellar, from November 1st, 1879, to June 1st, 1880, at $16.66 per month. Two hundred dollars per year.

"S. H. WHEELER."

Receipt number two is by the same to the same, dated June 1st, 1880, for rent on store room and cellar to July 1st, 1880, $16.67. Receipt number three is by the same to the same, dated October 13th, 1879, for rent on store room and cellar to November 1st, 1879, $16.67. The remaining twelve receipts are monthly receipts for $20 dollars cash, in full for a month's rent on store room and cellar. The defendant thereupon testified as follows:

"I tendered plaintiff money June 18th, 1880, after I had completed moving. The account and the money together was $50. I have been ready ever since then to pay $50, or its equivalent; it has never been called for. When this suit was commenced I held the $50 dollars in readiness for plaintiff, and paid it into court nearly a year ago. Since the making of the lease I was to pay plaintiff $16⅔ per month. There was no contract other than this acted on. I paid $16⅔ per month since the lease; it was accepted by plaintiff in full payment for the rent. The receipts introduced in evidence are for the rent of that building during the time for which they purport to be, and since the date of the lease. In receipts where $20 is stated I paid but $16⅔; that was all plaintiff asked. Mrs. Wheeler, plaintiff, knew of the payments of $16⅔ per month, and she assented to them as being the correct

amount of rent per month due. Plaintiff signed every one of these receipts herself, and assented to them as correct. Where the $20 was mentioned in the receipts she knew that she received only $16⅔; she did not exact nor demand more than $16⅔ for rent for any month.

"The talk between me and her, since the lease, of what I was to pay her a month, was $16⅔. Plaintiff has never since the date of the lease demanded of me more than $16⅔ per month; the first that I knew she claimed more than that was in her notice of suit in this case; she never personally claimed more than $16⅔ per month.

"I quit the premises on June 18th, 1880.

"On the first of June, at time of the last payment, I notified plaintiff that I was going to quit the premises. She said 'well, as you always rented by the year we shall expect you to pay the rent for the year.' I answered, I expect to pay that, Mrs. Wheeler.

"That was when I paid the last rent. I went on and moved out. When I told her I was going to quit she made no objection, but said she would expect the rent for that year. The $50 tendered pays the rent for the balance of the year.

"No other rate was talked of than what I had previously paid, $16⅔ per month. I paid her at that time $16⅔, and took receipt for June, one month's rent, 1880.

"My tender extended to the first day of October, 1880. I have always been ready to pay that $50. It is now in court and has been since last of January.

"This notice of leaving was eighteen days before I did leave. There was not a word of objection to my quitting during that eighteen days, nor until after I had left, nor until I had tendered the $50.

"There was an agreement with me and plaintiff since the execution of the lease of $16⅔ and was made before and after the lease. There was nothing said any further than $16⅔ was the satisfactory rent. They said they would take $16⅔ per month and be satisfied. That was all that was said. There

was never any claim made by plaintiff for more than $16⅔ per month; that is all that plaintiff claimed, and I paid that right along. She accepted it as the rent for the building; said she was satisfied; I might say she did not say anything, and that she did. She took the money and signed the receipts. I think that was about all that was said. I paid the money every time to her and she receipted for it herself."

I. The only issue between the parties was as to whether there was a verbal agreement modifying the written lease, and reducing the rent to $16⅔ per month. The written lease provides for the payment of $20 per month, and must control the rights of the parties, unless it was changed, subsequent to its execution by a valid parol agreement. The defendant alleges this change and upon him is the burden of proving it. To so show he must show that a subsequent verbal contract was entered into, supported by a consideration. The consideration cannot be presumed, but must be proved. Now, all that the defendant has proved is that from the date of the contract to the 1st day of June, 1880, the plaintiff voluntarily accepted $16⅔ per month, in full payment of the rent, and expressed herself satisfied therewith. There is no attempt to prove any consideration for the acceptance of this sum in lieu of $20 per month. Suppose the plaintiff did, *ex mera gratia*, accept $16⅔ per month for a portion of the time, that fact would not bind her to accept that sum for the remainder of the term. As the defendant's evidence failed in an essential particular to establish the contract by him alleged, it follows that the court did not err in withdrawing the case from the jury and entering a judgment for the plaintiff. The first, second and fourth questions, and the second and third branches of the sixth question, must be answered in the negative. The third question, and the first branch of the sixth question, must be answered in the affirmative.

II. The tender, it appears from the evidence, was made for three months, at the rate of $16⅔ per month. The de-

fendant did not, therefore, tender the plaintiff for the two months in controversy, as much as she is entitled to under the contract.   The fifth question submitted must be answered in the negative.

AFFIRMED.