LUCIUS H. R. RAYMOND *et al.*, Appellees, v. JOHN KRAUSKOPF, Appellant.

Lease: CHANGE BY PAROL AGREEMENT: CONSIDERATION. The plaintiffs, in writing, leased to the defendant certain land to be planted with corn, for which the defendant agreed to pay as rent sixteen bushels of corn per acre. The growing corn having been damaged by storms, the parties made a new agreement by parol, whereby the defendant. was to replant the corn, and raise as good a crop as he could, and the plaintiffs were to accept one-half of the corn raised in satisfaction of their claim for rent. *Held*, that the parol contract was not without. consideration on the ground that it required nothing more of the defendant than he was already bound to perform, since it was uncer-tain whether one-half the corn raised would be more or less than sixteen bushels per acre, though all the parties probably supposed that it would be less.

*Appeal from Harrison District Court.—*Hon. G. W.
Wakefield, Judge.

Thursday, February 2, 1893.

Action to recover an amount alleged to be due by
virtue of a lease of farm land. After all the evidence
had been submitted, a verdict for the plaintiffs was
returned, by direction of the court, and a judgment for
two hundred and four dollars and costs, was rendered
in their favor. The defendant appeals.—*Reversed.*

*L. R. Bolter & Sons,* for appellant.

*S. H. Cochran* and *C. S. Waitley,* for appellees.

Robinson, C. J.—In April, 1890, the plaintiffs
leased to the defendant forty acres of land in Harrison
county, for the year named. The lease was in writing,
and required the defendant to farm the land in a farmer-
like manner, to plant the corn by the twentieth day of
May, and to deliver to the plaintiffs, by the twenty-fifth
day of November, 1890, sixteen bushels of corn for
each acre of the leased premises. The defendant cul-
tivated the land during that year, and delivered to
plaintiffs about two hundred bushels of corn, in pay-
ment of the rent. This action was brought to recover
the value of four hundred and eighty bushels of corn,
which the plaintiffs claim is due them by the provisions
of the lease. The defendant, in his answer, admits
that he signed the lease on which this action is founded,
but alleges that on or about the first day of June, 1890,
severe storms injured the land, and almost wholly
destroyed the growing corn; that, shortly thereafter,
the plaintiffs and the defendant canceled the written
lease, and entered into an oral agreement, by the terms
of which the defendant was to farm the land according
to the best of his ability, and deliver to the plaintiffs

as rent one-half of all the corn which should be raised on the land during that year; that he farmed the land as required by that agreement, and has delivered to the plaintiffs more than one-half of the corn which was produced.

The evidence tended to show that the land and crops were injured as alleged; that the defendant then informed the plaintiffs that there would not be enough corn raised to pay the rent, and that he would not farm the land unless a new arrangement were made; that he proposed to surrender the land to the plaintiffs, and obtain employment for himself by the month; that the plaintiffs told him to farm the land, and they would accept one-half of the corn raised in full of all demands for rent; that he then replanted the corn, farmed the land during the remainder of the season, and delivered to the plaintiff about two hundred bushels of corn, retaining only one hundred and fifty bushels as his share. The verdict and judgment were for the amount admitted to be due the plaintiffs, if they were entitled to recover anything.

The question we are required to determine is, whether the evidence was sufficient to sustain a verdict and judgment for the defendant. The appellees contend that there was no consideration for the second agreement; that it required nothing of the defendant which he was not under obligations to do by the first lease; and that this case falls within the rule announced in *Wheeler v. Baker*, 59 Iowa, 86. In that case the defendant relied upon an alleged verbal agreement to reduce the monthly rent provided for by a written lease from twenty dollars to sixteen dollars sixty-six and two-third cents, and it was held that proof that the lessor voluntarily accepted the sum last named per month in full payment of the rent, and expressed herself satisfied therewith, was not proof that a new agreement had been made. No attempt was made to

prove a consideration for the alleged new agreement. In this case, however, the evidence was ample to authorize the jury to find that a new agreement had been made, and we only need to inquire whether it was supported by a sufficient consideration. It must be conceded that the second agreement did not impose upon defendant any new obligation excepting as to the amount of rent which was to be paid; that it was made in consequence of the unfavorable condition of the crop which had been planted; and that its only effect if valid, is to reduce the amount of rent which plaintiffs are entitled to receive. But there is more involved than a mere agreement to satisfy a debt upon recovering a part of its amount. For the obligation to deliver as rent a fixed number of bushels of corn there was substituted an agreement to deliver a specified share of the corn which should be raised, but it was not then known whether that share would be more or less than the number of bushels previously fixed, although it is probable that both parties believed it would be less. The new agreement provided for the payment of the same kind of rent as did the old one; but made the amount to be paid depend upon the crop which should be raised. It is not necessary, in order to sustain that agreement, that it should appear that it would operate to the benefit or prejudice of either party. It related to a matter in regard to which the parties had a right to contract, and the consideration for it was sufficient to give it effect. We conclude that the court erred in directing a verdict for the plaintiffs. REVERSED.