DAVID EVANS, Appellee, v. W. H. McKANNA, Appellant.

Landlord and Tenant: WRITTEN LEASE SUPERSEDED BY VERBAL LEASE: CONSIDERATION. Where a written lease of lands for a term of years was terminated by an oral agreement of the parties, whereby the lessee paid the rent in arrears, and agreed to vacate, but subsequently a verbal lease was agreed to upon new terms and conditions, and in pursuance thereof the lessee remained upon the land at the same rent, and the lessor in part made certain improvements agreed to be made, *held*, that the verbal lease was not a mere modification of the written lease, but a new contract, and that both parties having by their acts recognized the termination of the written lease, and attempted a performance of the verbal lease, it was immaterial whether there was a new consideration for the latter or not.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

MONDAY, OCTOBER 16, 1893.

ACTION for balance of rent due on a lease. From a verdict for the plaintiff, the defendant appeals.—*Reversed.*

*Bolton & McCoy* and *O. C. G. Phillips*, for appellant.

*G. C. Morgan* and *G. W. Lafferty*, for appellee.

KINNE, J.—The plaintiff, in writing, leased eighty acres of land to the defendant for the term of five years from and after March 1, 1887. He brings this action for a balance of rent claimed to be due for the years 1891 and 1892, and asks for the enforcement of his

landlord's lien. The defendant denies the execution of the lease for 1891 and 1892; admits he executed the lease attached to the plaintiff's petition, but avers that in February, 1889, he had a full settlement with the plaintiff, and the plaintiff agreed to and did cancel said written lease, and in consideration thereof the defendant agreed to move off of said premises by March 1, 1890; that after the making of said agreement, and prior to March 1, 1890, the plaintiff and the defendant entered into a new parol agreement whereby the defendant leased the same premises of the plaintiff for the term of one year from and after March 1, 1890, for the rental of two hundred and twenty-five dollars, one hundred dollars of which was to be paid when the defendant sold his hogs in the fall, and the balance to be paid March 1, 1891; that there is nothing due the plaintiff; that the attachment was wrongfully sued out, to the defendant's damage in the sum of five hundred dollars. In another count the defendant pleads a counterclaim for damages for the failure of the plaintiff to dig certain wells which it is claimed he agreed in the oral lease to dig. In an amendment to his counterclaim the defendant claims the sum of forty-seven dollars and ninety-five cents as due him for work and labor done for the plaintiff, and for vegetables sold him. The plaintiff denies that the lease sued upon was canceled or released; denies that he entered into a new oral agreement leasing the premises for one year from March 1, 1890, to defendant; denies that he reduced the rent, and denies that he agreed to dig any wells or furnish any additional water; avers that said oral agreement to cancel the lease and dig the wells was without consideration, and void, and denies all the allegations in the defendant's amendment contained. At the conclusion of the evidence the court, on the plaintiff's motion, directed a verdict for the plaintiff for the amount due.

I.   The legal questions involved in this case are:
*First.*   Was a new consideration necessary to support
the oral agreement for cancellation or surrender of the
lease?   *Second.*   Can such an agreement, in writing, be
changed by the oral contract of the parties?   The orig-
inal lease was in writing for a term of five years.
Nearly three years of the term had expired when the
alleged oral agreement of cancellation was made.   It
seems the defendant was about to leave the farm
because of the pollution of and scarcity of water; that
he so advised the plaintiff; that the plaintiff said he
did not want him to leave, but agreed orally that if he
would pay the rent then due he would release him.
He did pay the rent, and agreed to leave the place
prior to March 1, 1890.   Before the time to leave
arrived, negotiations were begun between the parties
which resulted in a verbal lease on new conditions.
By its terms the plaintiff was to finish a well, to dig
other wells, build a hen house, and put up certain
screens.   The defendant was to pay two hundred and
twenty-five dollars rent for the year.

We shall not attempt a review of the large num-
ber of cases cited by counsel touching the question of
the necessity of a new consideration to support the oral
agreement.   The argument is that this oral contract
was executory, and that the agreement to cancel the
lease was never executed.   But the facts in this case
show that there was an agreement to cancel the written
lease.   Now, if that arrangement was fully consum-
mated, as we think it was, and the parties actually
entered into a new oral lease containing different con-
ditions from those in the original lease, as they did in
this case, and if in pursuance thereof the latter contract
was in fact executed, or carried out by both parties, in
whole or in part, it would certainly amount to a can-
cellation or surrender of the original lease.   Such facts
show a surrender by operation of law.   See *Martin v.*

*Stearns*, 52 Iowa, 345.   The contract has been acted upon by both parties; the defendant entered upon the land, or remained thereon under the new lease; the plaintiff in part performed his agreement thereunder by digging one of the wells.   Here was an unequivocal act on his part showing his recognition of the new contract, and the fact that the original contract had been superseded.   It is well settled that a surrender by operation of law may be effected by any agreement between the parties that the term shall be terminated, which is unequivocally acted upon by both.   *Wheeler v. Walden*, 17 Neb. 122; *Phene v. Popplewell*, 12 C. B. (N. S.) 334; *Hall v. Burgess*, 5 Barn. & C. 333; *Bedford v. Terhune*, 30 N. Y. 453; *Witman v. Watry*, 31 Wis. 638; *Schieffelin v. Carpenter*, 15 Wend. 400.

This is not the case of a mere modification of the written lease.   Nor does the fact that rent of the same character was reserved by the oral lease render it a mere change in or alteration of the original lease.   It is a new contract, with new conditions.   So far as appears, the payments under the last lease were not due at the same time provided for in the first; furthermore, the lessor bound himself to dig wells and make certain improvements on the demised premises for the better enjoyment of the same by the lessee.   The evidence shows he entered upon this work, and actually did perform a part of it in accordance with the oral lease.   Surely, in view of these facts, it can not be said that the lessor had not accepted the cancellation of the first lease, and a surrender of the premises thereunder.   His acts in part complying with the conditions of the oral lease clearly show that both parties considered the written lease at an end.   See *Raymond v. Krauskopf*, 87 Iowa, 602.   In this view of the case, it is not material as to whether there was a new consideration or not, nor can the plaintiff be heard to say that the oral agreement is within the statute of frauds,

inasmuch as he has in part executed it, and both parties have acted unequivocally on it.

The district court erred in not submitting the cause to the jury. REVERSED.