S. V. HALLER et al., Appellants, v. J. W. SQUIRE.

Landlord and Tenant: ABANDONMENT BY TENANT. Where a tenant abandons the leased premises, he has no action against the lessor for taking possession of them.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

MONDAY, MAY 14, 1894.

ACTION for damages for the wrongful taking possession of real estate, and for the value of certain crops taken. Trial to the court, and judgment against plaintiffs for costs, from which they appeal.—*Affirmed.*

*Mayne & Hazelton* for appellants.

*Flickinger Bros.* for appellee.

KINNE, J.—I. In April, 1890, defendant, in writing, leased to plaintiffs a certain tract of land for the term of three years from March 1, 1890, for the sum of seven hundred and fifty dollars rental for the entire

term. The rent was payable in several installments, and the first payment was due November 1, 1890. The lease provided that, if default was made in any of its covenants, the tenancy should at once terminate, and the lessor might then elect to declare it void, after giving three days' notice in writing to the tenants to quit; and without other notice, the lessor might proceed summarily to dispossess said lessees pursuant to the statute of forcible entry and detainer. By the terms of the lease it is expressly provided that the lessor should have a lien for all unpaid rents upon all the property of the lessees, whether exempt or not, and that the same might be levied upon and sold to pay such rents. The lease also contained the usual provisions, against committing waste, protecting the premises from damages, for keeping them in good repair, and that they would use them in a careful manner. The plaintiffs entered into possession under the lease, and so continued until about September 30, 1890, when defendant commenced this action against them in the superior court of the city of Council Bluffs, claiming the whole sum due under the lease (seven hundred and fifty dollars), and averring, in substance, that plaintiffs were about to remove all of their property, upon which he had a lien for his rent, out of the state; that they had also executed to another a chattel mortgage upon all of said property; that they had no property aside from that pledged for said rent; and making other averments not material to the present controversy. Upon the filing of this petition a landlord's attachment issued as prayed. Under this writ the property was seized. The defendants denied any indebtedness to the plaintiff, and averred that the indebtedness sued for had been paid. They also pleaded that they were induced to enter into the lease by reason of fraud and misrepresentation of plaintiff. It was also averred that after the execution of the lease the plaintiff

and defendants entered into an oral agreement, wherein it was agreed that, in case of a failure or partial failure of crops through no fault of defendants, the plaintiff would reduce the rent to correspond with the crop raised; and that there was a partial failure of said crop. In a counterclaim defendants pleaded a settlement in full, had with plaintiff prior to the suing out of the attachment, whereby plaintiff was to take the crop then on the place in full payment for all rent due or to become due, and defendants were to remove from the premises with all their property except said crop; also claiming one thousand dollars damages by reason of the wrongful and malicious suing out of the attachment, and for attorney's fees and other damages. Plaintiff denied all the allegations of the answer and counterclaim. The case was tried upon the theory that under the lease, if the defendants were under any obligations to pay rent, the jury should return a verdict for the entire amount of rent unpaid, whether due or not. Instructions were given in harmony with such theory, and on all the issues involved. The jury returned a verdict for the plaintiff for ninety-seven dollars upon which judgment was entered, which judgment was satisfied November 11, 1890. To the petition in the present action defendant pleads in denial, and also pleads the former action in the superior court, and the proceedings had therein, as a complete adjudication of the matters now in controversy. He also pleaded the satisfaction of the judgment in the former action, and the abandonment of the premises by plaintiffs. Plaintiffs claim that after the suit in the superior court, and after they had paid the judgment, and had removed from the state, they demanded possession of said premises of defendant, and that he refused to surrender possession to them. This suit is instituted to recover from defendant the damage caused plaintiffs by the wrongful taking and detention of the premises by the lessor, and for the

value of the crops growing thereon.    The district court rendered judgment against plaintiffs for costs.

II.    The assignments of error are. not sufficiently specific to raise any question for our consideration save that the evidence does not warrant the judgment.    We do not find it necessary to pass upon the question of former adjudication.    We prefer to base our conclusions upon the fact of abandonment of the premises by the lessees.    While the evidence is somewhat conflicting, still we deem it sufficient to have warranted the district court in finding an abandonment, and in denying plaintiffs' relief.

The testimony of the plaintiff S. V. Haller shows that the plaintiffs removed from the premises after the determination of the suit in the superior court, and entirely abandoned the same, and took up their residence in another state.    According to his evidence, after all that was done, he went to defendant, and demanded possession of the premises, though the great weight of the evidence shows that no such demand was made, and no attempt made by plaintiffs to possess themselves of the premises, by virtue of the lease, after they had once abandoned them  and removed to the state of Nebraska.    Under such circumstances, it must be held that plaintiffs have  not shown themselves  entitled to recover.    In any event, the conflict in  the evidence is not such as to warrant us in disturbing the finding and judgment of the district court.    AFFIRMED.