JAMES WORRALL AND MARY WORRALL V. SAMUEL WILSON, *et al.*, Appellants.

**Abandonment of Lease:** EVIDENCE. Under a written lease granting for ten years the right to mine coal, the lessee entered, but within a year ceased to operate the mine, removed all the apparatus which was necessary to its operation, took out the curbing, and said he would do nothing more under the lease. Three months later the lessee attempted to re-enter. *Held*, that the abandonment operated as a surrender of the lease.

*Appeal from Monroe District Court.*—HON. T. M. FEE, Judge.

THURSDAY, APRIL 8, 1897.

MAY 14, 1894, plaintiffs, in writing, leased to one Pierson the right to mine the coal underlying forty acres of land. Pierson took possession under his lease, and conducted mining operations. The lease was for a period of ten years, subject to the conditions stated therein. One of the provisions of said lease granted to Pierson the use of two acres of the surface of the ground for hoisting the coal to be mined under the lease. Pierson selected this two acres of ground so as to embrace the coal shaft then upon said leased land. Afterwards Pierson, with the consent of the lessors, transferred his lease and his rights thereunder to the defendant, Samuel Wilson, who took possession of said premises, and prosecuted the work of mining coal for a time. About March 5, 1895, Wilson, or those operating with him, with his consent, ceased to operate said mine, or to mine coal from said land, and dismantled the mine by tearing up and removing the track in the mine;

removed the cars therefrom; took down the machinery of the shaft, including the hoisting apparatus; and tore out and removed the timbers. In May following, Wilson and the other defendants again entered upon said premises, and began sinking a new hoisting shaft at a point not within the two acres above mentioned. Plaintiffs then began this suit, claiming that Wilson abandoned and surrendered the lease, and asking that all of the defendants be barred from having any rights under said lease, and that they be enjoined from prosecuting their work. A temporary injunction issued, and, on final hearing, the district court held that Wilson had abandoned all of his rights under the lease, and surrendered the same to the plaintiffs, and perpetually enjoined all of the defendants from sinking said shaft, and from entering or occupying said premises. The defendants appeal.—*Affirmed.*

*Henry L. Dashiell* for appellants.

*T. B. Perry* for appellees.

KINNE, C. J.—The chief point of contention between the parties is as to whether the defendant, Wilson, abandoned the premises, and surrendered his lease to plaintiffs. The court below found that he did. While the evidence is conflicting, still we think it is abundant to sustain the finding of the district court. Wilson quit prosecuting the work of mining. He afterward said he would do nothing more under the lease. As a clear indication of his abandonment of the lease and intent to surrender the premises, he and the other defendants completely dismantled the mine, moved all of the apparatus which was necessary to its operation, and even took out the curbing, leaving the mine in such condition that it would soon become valueless by reason of caving in. Three months after

Wilson had made known his intention to throw up or surrender the lease and abandon the premises, he and the other defendants again entered upon the premises, and, against the protest of plaintiffs, undertook forcibly to sink a new shaft at a point outside of the two-acre tract. We are not in the habit of considering in detail the evidence in such cases; indeed, to do so would unwarrantably extend this opinion without benefiting any one. A surrender may take place by the mutual agreement of the parties. It may be inferred from the acts of the parties. *Martin v. Stearns*, 52 Iowa, 347 (3 N. W. Rep. 92). In other words, there may be a surrender of a written lease by operation of law. *Evans v. McKanna*, 89 Iowa, 362 (56 N. W. Rep. 527). Without more fully discussing the facts, we may say we think that they should be held to establish an abandonment of the property and a surrender of the lease. The attempt of Wilson and the other defendants afterwards to sink a new shaft was wholly unwarranted. The lease gave no right so to sink a shaft at a point outside of the two acres surrounding the existing shaft. It is quite clear that the sole purpose of digging this new shaft was to force plaintiffs to give a new lease containing more favorable conditions. This work was not begun until long after the lease had been abandoned. Other questions are argued by counsel, but we need not discuss them, as, in any event, for the reasons already given, the decree below must be AFFIRMED.