Submitted on brief December 18, 1919, affirmed January 27, 1920.

## MARTIN *v.* WEISS.

(186 Pac. 550.)

**Landlord and Tenant—Tenant on Shares Surrendering Before Productivity cannot Recover of Landlord for Services.**

1. Where the lessee of a dairy ranch, who was to share the profits with the landlord, surrendered possession before the ranch had become productive, he could not recover of the landlord for services rendered.

From Tillamook: GEORGE R. BAGLEY, Judge.

In Banc.

The complaint herein recites that on November 25, 1918, the parties entered into a contract whereby plaintiff leased from defendants a dairy farm in Tillamook

County, and makes a copy of the written lease part of the pleading. By its terms plaintiff was to conduct the dairy, selling its product to some cheese factory, dividing the proceeds of such sales equally with the landlord. The lease was to expire on October 1, 1919, with the privilege of a further lease of three years at the option of the plaintiff. The plaintiff entered into immediate possession, and so continued operating the farm until February 24, 1919, when by reason of friction arising between the landlord and tenant, ''said parties, in consideration of the dissatisfaction that existed between them, mutually rescinded said contract hereinbefore referred to in paragraph I of this complaint, and the plaintiff thereupon surrendered possession of said leased property to the defendants, and the defendants accepted the same and took possession, and have been in possession of said property ever since said date.''

It is further alleged that owing to the methods in vogue upon this farm the cows were practically all dry during the winter season, and that the productive and profitable period of each year is during the spring and summer months, and that therefore the plaintiff, during his brief possession, did not profit by his tenancy, and therefore seeks a recovery of $189.39 expended for feed and supplies, and $500 as the reasonable value of his services in caring for the leased property during his occupancy.

The answer admits the execution of the lease, the subsequent and mutual dissatisfaction of the parties, the alleged ''rescission,'' and denies everything else. It is averred affirmatively, that by reason of plaintiff's incompetency and neglect, some of defendants' cows died, and other damage resulted, and that when possession of the property was surrendered by plaintiff,

it was agreed that plaintiff should pay to defendants the sum of $300, and that such payment should be a final settlement of their affairs, and that the $300 is not yet paid. Defendants do not ask for affirmative relief. A reply being filed, there was a trial by court and jury resulting in a verdict and judgment for plaintiff, and thereafter defendants filed a motion to set aside the judgment and for a new trial, which, after a hearing, was allowed by the court, from which order plaintiff appeals.      AFFIRMED.

For appellant there was a brief submitted over the names of *Mr. George P. Winslow* and *Mr. H. T. Botts.*

For respondents there was a brief prepared and submitted over the name of *Messrs. Johnson & Handley.*

BENSON, J.—1. Upon the trial of the case, defendants objected to the admission of any evidence in support of plaintiff's claims, for the reason that the allegations of the complaint do not constitute a cause of action. The objection was overruled and exception taken. When plaintiff had concluded the taking of his testimony and rested his case, defendants moved for a judgment of nonsuit upon the same ground, and thereafter moved for a directed verdict upon the same ground, both of which motions were denied. After judgment had been entered upon the verdict, defendants moved to have the same vacated and for a new trial, assigning as error the rulings above mentioned. A hearing was had and the court made an order setting aside the judgment and granting a new trial, which now presents to us the question as to whether or not the plaintiff's complaint states facts constituting a cause of action. The ultimate facts recited in the complaint are, that when the tenancy had ex-

isted for a period of three months, during which time there had been no accruing profits from the venture, the plaintiff, with the consent of his landlord, voluntarily surrendered his estate without exacting any terms or conditions therefor.

There is no allegation of eviction, or breach of the contract, by defendants, or anything to indicate that the surrender was other than voluntary. It is true that both the complaint and the answer allege a mutual rescission of the contract, but the rescission of a lease of real property necessarily involves a surrender: 2 Tiffany on Landlord and Tenant, § 187.

A surrender of a leasehold estate has the effect of extinguishing all the interest of the tenant in the term and all rights conditioned upon its continuance: 2 Tiffany on Landlord and Tenant, § 191; 16 R. C. L. 1157; 24 Cyc. 1378. A case strikingly in point is that of *Boyd* v. *Gore,* 143 Wis. 531 (128 N. W. 68, 21 Ann. Cas. 1263). This was a case wherein the plaintiff's assignor, a tenant, had vacated the premises before the end of the term, and thereafter assigned an alleged claim to plaintiff for services performed while a tenant. The chief item in such claim was a demand for plowing the land, from which no crop had been produced by reason of the tenant's surrender of the premises. Referring to this item, the court says:

"It is quite well settled that, where there is a voluntary surrender accepted by the landlord, all liabilities under the lease which would arise in the future had no surrender taken place are terminated, but liabilities which have already accrued remain unaffected: 2 Tiffany on Landlord and Tenant, 1348, 1349. Under no view of the case, therefore, can the plaintiff recover for the plowing done in the fall of 1907, for his contract required him to do it, and his voluntary surrender of

possession raises no obligation on the part of the landlord to pay for it."

The facts in the cases of this character are very different from those of contracts for sale or exchange of property, even for services rendered. The plaintiff was at no time in the employ of the defendants. He was at all times working for himself and it rested entirely with himself to remain in possession of the premises until such time as the profits should compensate him for his expenditures and labor, or to abandon the same and forego the opportunity to realize a benefit from the investment.

The judgment of the trial court must be affirmed.

AFFIRMED.