ROY B. HILL, Appellant, v. ALEXANDER GROVES, Appellee.

No. 39784.

NOVEMBER 21, 1929.

*Martin & Alexander,* for appellant.

*Burnstedt & Hemingway,* for appellee.

KINDIG, J.—The defendant-appellee, Alexander Groves, owns a 320-acre farm in Wright County. This real estate was leased by appellee to the plaintiff-appellant for the years 1924, 1925, and 1926. That contract of tenancy was substantially performed by both parties, and is not material to this controversy, except as it may furnish a background for the future events.

In August, 1926, while the appellant was on the premises under the three-year lease aforesaid, he and appellee made a new lease for one year, to commence March 1, 1927, at the termination of the previous tenancy. So, in preparation for the 1927 crop, the appellant, in the fall of 1926, plowed approximately 120 acres of this land. During the years of the first tenancy, the Hamilton County State Bank held a mortgage on all of appellant's personal property, including the crops on the rented land. Intending to perform the new lease, the appellant remained upon the realty until sometime in February, 1927, when he left the premises because said bank had gone into receivership, and the receiver thereof demanded payment of the debt

secured by the chattel mortgage above mentioned. After appellant had thus vacated the farm, appellee put a new tenant in possession under another lease for the year 1927.

Thereafter appellant instituted the present suit, to recover the alleged value for plowing the 120 acres in the fall of 1926.

I. Appellant, in his original petition, brought his action upon the theory that the plowing was done for appellee, at the latter's special instance and request. Under the record presented, however, the evidence does not support this ground for redress. Whatever services appellant rendered in plowing on the premises were performed for himself, to advance his own interests under the lease. No basis is laid for a recovery on the theory that this work was done at the "instance and request" of the appellee. *Boyd v. Gore,* 143 Wis. 531 (128 N. W. 68) ; *Martin v. Weiss,* 95 Ore. 35 (186 Pac. 550). See, also, *Kiplinger v. Green,* 61 Mich. 340 (28 N. W. 121).

II. Subsequent to filing the original petition, as above stated, the appellant, by way of amendment, pleaded a mutual rescission of the lease. Some controversy arises as to whether this issue is properly raised. For the purposes of this discussion, we will assume, without deciding, that the petition was sufficient in this regard. Nevertheless, appellant must fail because the proof did not support his contention at this point.

A careful study of the evidence reveals that appellant refused to proceed with the lease. He could not do so without the equipment covered by the mortgage. These items of personal property were to be sold under the mortgage, to pay the debt. They were, in fact, disposed of for that purpose, and thereafter appellant, against appellee's protests, voluntarily abandoned the premises and surrendered them to the latter. Following this abandonment, appellee, as before related, then leased the land to another tenant for the year 1927. On the theory, therefore, that the parties, under the facts and conditions here presented, should place each other *in statu quo,* the appellant proceeds with the argument that he is entitled to recover for the plowing. Primarily, under this record, the basis therefor would be a mutual rescission. Here there was an abandonment, however, on appellant's part. Regardless of that fact, appellant urges that, although he cannot take the plowing with him, he can, nevertheless, make appellee his debtor, through the

surrender of the premises to the latter. Through that process, appellant claims he can be placed *in statu quo.*

While appellee's re-entry after appellant's abandonment may make unenforcible future obligations of the lease, yet the part thereof performed cannot be undone, under this record. Justice demands that much; for appellant is in no position to ask that he be put *in statu quo* when he has not thus placed appellee. The record discloses that tenants within this locality on farms of such size must do fall plowing, in order to properly cultivate the land. Obviously it is impossible for appellee to do that fall plowing; for, to repeat the facts before set forth, the abandonment occurred in February, 1927. At most, then, appellee, by re-entering through the new tenant, merely released the appellant from the necessity of further performance under his lease. Release to that limited extent, however, did not undo that part of appellant's lease performed, and require appellee to reimburse the former for the work done in carrying out the original tenancy obligation. By making the surrender and moving from the farm, appellant had no further claim for the plowing. It was a part of, and, under the circumstances, went with, the land. Hence appellant cannot recover therefor. 16 Ruling Case Law 1157, Section 678; *Boyd v. Gore,* supra (143 Wis. 531 [128 N. W. 68]) ; *Martin v. Weiss,* supra (95 Ore. 35 [186 Pac. 550]). See, also, *Monig's Admx. v. Phillips* (Ky.), 29 S. W. 970. During the discussion in *Boyd v. Gore,* supra, the court said:

"It is quite well settled that, where there is a voluntary surrender accepted by the landlord, all liabilities under the lease which would arise in the future, had no surrender taken place, are terminated; but liabilities which have already accrued remain unaffected. * * * Under no view of the case [the *Gore* case], therefore, can the plaintiffs recover for the plowing done in the fall of 1907; for Coller's contract required him to do it, and his voluntary surrender of possession raises no obligation on the part of the landlord to pay for it."

IV. Apparently appellee had a contract with the Hamilton County State Bank, the terms of which required that institution to refrain from foreclosing said second mortgage, in consideration of the tenancy with appellant. Disregarding that agreement, the receiver did foreclose. Complaint, therefore, is made

by appellant because the appellee, first, charged the new tenant $180 for the plowing, and, second, collected damages from the bank for the breach of the above contract. Surrender of the premises was made by appellant. Thereby, as before stated, his interest therein ceased. *Haller v. Squire*, 91 Iowa 10; *Worrall v. Wilson*, 101 Iowa 475. Consequently, appellee had the privilege of re-renting to the new tenant on any basis deemed fit. Thus it was appellee's right to include in the consideration for the new lease the sum of $180 for plowing. About that appellant was not concerned, under the circumstances.

Likewise, the contract between appellee and the bank did not directly concern appellant. Such agreement was for appellee's benefit. Underlying the purpose thereof was security for the rentals that would, from time to time, accrue to appellee. Resultantly, when appellee collected under the written compact with the bank, the proceeds received thereby belonged to the former, and not to appellant.

Wherefore, the judgment of the district court should be, and hereby is, affirmed.—*Affirmed*.

ALBERT, C. J., and EVANS, FAVILLE, and DE GRAFF, JJ., concur.