## John McEwan v. Charles L. Ortman.

*Written contracts: Party signing without reading.* It can make no difference in the liability of a party under his written contract that he never read the contract, where it does not appear that he was deceived or misled as to its contents, or that he objected to its terms.

*Promissory notes: Written contracts: Oral understanding.* It is not competent in defense to a promissory note given for a part of the price named in a written contract for the purchase of lands, to show that the parties to the land contract had an oral arrangement at the time the note and contract were made, that the purchaser was to have the option of retaining the contract and paying the note, or surrendering the contract and thereby discharging his liability on the note; this would be to import into a written contract a verbal stipulation quite inconsistent with its terms.

*Written instrument: Parol evidence.* Such a case has no resemblance to those in which parol evidence is admitted to explain the purposes for which property has been transferred as a security by a conveyance absolute on its face.

*Statute of frauds: Parol contract: Written instrument.* But, moreover, such a stipulation as was here sought to be shown would be void. under the statute of frauds unless in writing, so that the offer was not merely to show by parol a change in the terms of a written contract, but to show such an agreement as could not under any circumstances have been made by parol.

*Land contracts: Agreement to surrender or release parcel: Defeasance: Resale: Statute of frauds.* An agreement to surrender or release a parcel of land mentioned in a contemporaneous contract is not a defeasance, but an agreement for a resale, and as clearly within the statute of frauds as an agreement to transfer any other parcel.

*Heard June 9. Decided June 20.*

Error to Bay Circuit.

*Holmes, Collins & Stoddard,* for plaintiff in error.

*John J. Wheeler,* for defendant in error.

CAMPBELL, J:

Ortman recovered in the court below on a promissory note made by McEwan. The latter complains, on error, that a valid defense was excluded. The defense there relied on was, that at the time of giving the note, in renewal of which the note in suit was made, it was a matter of pure accommodation, and that at the same time, at Ortman's request, McEwan signed a land contract for the purchase from Ortman and one William Boeing, of a tract of land for which the purchase price was six thousand dollars, the first installment of fifteen hundred dollars being in the contract declared to have been paid by the note in question. On the trial McEwan sought to show the following facts, as set forth in the assignment of error, viz.:

"That before the commencement of this suit, and after the defendant had signed the instrument or indorsement upon the back of said contract, bearing date the 25th day of August, 1875 [which was an indorsement by McEwan surrendering the contract], that he, the defendant, took and tendered it to Mr. Ortman; that the defendant had never any possession, use, control, or profit of the land mentioned in the contract; that when Mr. Ortman met the defendant as stated in the evidence the contract had already been prepared by him; that it never was read by the defendant at the time it was signed; that he didn't know its contents, and relied upon the statement of the plaintiff that he might take the contract and hold it, and that if he desired to return the contract, that he (the plaintiff) would take care of and pay the note, and that this stipulation in relation to the surrender and return of the contract was not in the written contract, it having been prepared before Mr. Ortman

went there; that this agreement was really a part of the contract under which the note was made and delivered." The court refused to receive the evidence.

It can make no difference whether McEwan did or did not read the contract. He does not claim that he was deceived as to its contents by any art or device, neither did he object to its terms. The real defense insisted on is, that he and Ortman had a verbal agreement when the note was made that McEwan should have the option of retaining the contract and paying the note, or surrendering the contract and requiring Ortman to pay it.

Upon this hypothesis the transaction was not one in which the land was in any sense transferred to McEwan by way of security. It was simply a purchase, which he might retain or give up at his option. The case has no resemblance to those in which parol evidence is admitted to explain the purposes for which property has been transferred as a security by a conveyance absolute on its face. The attempt here is to import into a written contract a verbal stipulation quite inconsistent with its terms. By the contract the land was to belong to McEwan not by way of security, but in his own right. It was to belong to him, by the verbal stipulation, until he should see fit to surrender (or more properly re-transfer) it. If it had been a security the option would have been with Ortman as mortgagor, and not with McEwan. Under the statute of frauds such a stipulation would be void unless in writing, and the offer was not merely to show by parol a change in the terms of a written contract, but to show such an agreement as could not have been made by parol under any circumstances. The surrender was meant to release an equitable estate in fee simple, and an agreement for such a purpose cannot be made except by an instrument in writing signed by the party releasing or transferring it. A verbal agreement to transfer any other parcel of land would be no more contrary to the statute than one to release or surrender a parcel men-

tioned in a contemporaneous contract. And such an agreement is not a defeasance, but an agreement for a resale.

We think the court decided correctly. The judgment must be affirmed, with costs.

The other Justices concurred.