GRUNOW *v.* SALTER.

1. LAND CONTRACTS—SURRENDER—JOINT VENDORS.
    An attempt to surrender a land contract by delivering it to one of the vendors upon his suggestion that he will be satisfied to accept the contract and "let the interest go," but will have to consult the other vendor, is ineffectual without the other vendor's consent.

2. SAME—STATUTE OF FRAUDS.
    The interest of contract purchasers in land cannot be surrendered by parol.

Error to Wayne; Donovan, J. Submitted June 10, 1898. Decided September 20, 1898.

*Assumpsit* by Oliver H. Grunow and Buchanan M. Patterson against Casper Salter and Joseph Salter to recover the accrued interest on a land contract. From a judgment for plaintiffs on verdict directed by the court, defendants bring error. Affirmed.

*Franklin L. Lord,* for appellants.

*James Swan,* for appellees.

MONTGOMERY, J. The plaintiffs brought an action to recover the amount of an installment of interest due them by the terms of a written contract for the sale of lands. The defense interposed was a surrender of the contract. The circuit judge directed a verdict for the plaintiffs for the accrued interest, and defendants bring error.

One of the defendants testified to the surrender as follows:

" That he saw Mr. Patterson prior to giving up the contract, and that Patterson said that he must have either the money or the contract; that upon this occasion Casper Salter was not present; that, some days after, he took the contract to the plaintiffs' store, where he found Mr. Patterson, and told him the contract was there, and, if he was satisfied to take it and let the interest go, he would be satisfied, and that Mr. Patterson said it would be all right, after which he gave Mr. Patterson the contract, and asked for a receipt; that Mr. Patterson did not say anything about consulting his partner; that, after getting the receipt, Mr. Patterson then said he would speak to his partner, and he thought it would be all right; and that, having parted with his contract, he did not know what to do; that, not long after, he received a letter from the plaintiffs asking for interest; that neither of the plaintiffs ever offered him back the contract, and that he did not go back to get the contract."

The testimony of the plaintiff Patterson differs from that of the defendant, in that he disputes any agreement to surrender, but he corroborates the statement that he (Patterson) said he would have to refer the matter to the plaintiff Grunow. He also testifies that he did not in fact have authority to release defendants.

It is evident from defendant's testimony that, before the parties separated, the defendant was informed that the assent of Mr. Grunow was essential to defendants' release, and that he made no dissent from this statement, and left the contract with Patterson upon that understanding. The circuit judge was right in so holding.

The court was also correct in holding that the interest of the defendants as contract purchasers was such an interest in land as could not be surrendered by parol. 2 How. Stat. § 6179; McEwan v. Ortman, 34 Mich. 325; opinion of CAMPBELL, J., in Whiting v. Butler, 29 Mich. 144.

The other questions presented relate to rulings in no way affecting the main issue.

The judgment will be affirmed.

The other Justices concurred.