## 6754

### MOSELEY v. WITT.

REAL PROPERTY—CONTRACT.—A written contract for sale of land may be rescinded by parol and a parol rent contract substituted.

Before GAGE, J., Orangeburg, May, 1907. Affirmed.

Action by William Moseley against Fred L. Witt. From judgment for defendant, plaintiff appeals.

*Mr. Jacob Moorer,* for appellant, cites: *Minds of parties must meet to make a contract:*   11 S. E., 788; 36 S. C., 544. *Verbal contract to be performed one year thereafter is obnoxious to statute of frauds:*   60 S. C., 373; 8 Ency., 697; 20 Fed., 753; Code 1902, 2650.

*Messrs. Raysor & Summers,* contra, cite:   *Rescission of contract is a bar to performance:*   Fry on Spec. Per., Sec. 683.   *Written contract may be rescinded by parol:*   Fry on Spec. Per., Sec. 694; 46 S. C., 79; Rice Eq., 84; 26 Ency., 135, 645; 28 Ency., 537; 2 Story Eq. Jur., 770.   *What amounts to rescission:*   Fry on Spec. Per., Sec. 477.

February 21, 1908.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   William Moseley brought this action for the specific performance of a written contract made by the defendant, Fred L. Witt, on 5th November, 1902, to sell him a certain tract of land on this condition expressed in the contract:   "Provided the said William Moseley shall pay on or before the 15th of December, 1903, and all interest, and annually thereafter the same amount until the sum of two thousand dollars has been paid and also interest at 8 per cent. from this date on until all is fully paid and satisfied."   The answer admits the execution of the agreement but alleges by mistake of the scrivener the words "four hundred dollars" were omitted after the word "pay," the real contract being that an installment of four hundred dollars and interest on the whole amount should be paid each year until payment of the entire purchase money.

The defendant further alleged a contemporaneous written agreement to pay one hundred and sixty dollars on the first of October, 1903, as rent of the land for 1903.   As we understand the defendant's position, however, this rent payment was to be credited on the purchase money of the land in the event that the plaintiff should meet the installment due on 1st of December following.

The main issue of fact was made by the allegation of the answer, that in the autumn of 1903 the contract of sale was cancelled by parol, and an unconditional rent contract made by plaintiff for the year 1904. The answer asked for an injunction against interference with the possession of the land, for a receiver pending the litigation, and for such other relief as might be equitable.

The cause was referred to Robert E. Copes, Esq., as special referee, who found all the facts in favor of the defendant and recommended that the complaint be dismissed and the written agreement to sell be cancelled and surrendered The Circuit Judge confirmed the report of the referee, though expressing doubt as to the correctness of the judgment.

The plaintiff has not excepted to the finding that the parties intended to provide for payment of an annual installment of four hundred dollars and interest, and that the contract should have been so written. There is no evidence whatever that the plaintiff has paid or offered to pay the entire purchase money, and under the contract he was not entitled to a conveyance until the whole of the purchase money should be paid. Indeed, he could not compel defendant to accept payment until the whole became due. The plaintiff's action would necessarily fail on this ground.

But aside from that, a review of the evidence sustains the conclusion of the referee that the plaintiff made an agreement in the autumn of 1903 to rescind the contract of sale and substitute an unconditional rent contract for the year 1904. The direct evidence for the plaintiff and defendant on this point can not be reconciled, but there is no dispute that the plaintiff failed to meet the first installment of the purchase money, and paid only the rent or interest, one hundred and sixty dollars; and upon such failure it seems probable the defendant would have required some new arrangement. On the whole, we think the defendant has shown, by the preponderance of the evidence, that the contract of sale was rescinded and a rent contract substituted. A written con-

tract of sale may be rescinded and a rent contract substituted by parol. *Fripp* v. *Fripp,* Rice's Eq., 108.

: The judgment of this Court is, that the judgment of the Circuit Court be affirmed.