7193

## RAY v. COUNTS.

DEEDS—MORTGAGES.—FINDINGS by the Circuit Court that the original contract between the parties was a sale of the land; that the instrument in question is a deed and not a mortgage, and that there was a contract to resell to grantor within a stipulated time, affirmed.

Before MEMMINGER, J., Bamberg, January, 1908. Affirmed.

Action by F. M. Ray against S. H. Counts. From judgment dismissing complaint, plaintiff appeals. Circuit decree is:

"This is an action in equity to have an instrument, in form, a deed of conveyance, declared to be a mortgage; that an accounting be had and all payments made in the form of rents to be credited upon the mortgage debt and the plaintiff be allowed to redeem the land described in the complaint upon the payment of the balance thus ascertained to be due.

"The defendant by her answer denies all of the allegations of the complaint and stands upon her deed as a conveyance of the land.

"The issue in the case is whether the transaction between the plaintiff and defendant was intended to be a sale of the land or a loan of money secured by a deed to the property.

"The case was referred to the Master to take the testimony.

"The documentary evidence in the case is the deed of conveyance from the plaintiff to the defendant, bearing date the 19th day of October, 1899, which is a simple title deed of conveyance with warranty and renunciation of dower. On the —— day of October, 1899, the plaintiff and the defendant entered into an agreement in writing whereby the plaintiff leased to the defendant the land in question for a period of five years at an annual rent of $130. Upon the back of that agricultural lease is an agreement signed by the plain-

tiff whereby she bound herself, 'That at any time within the five years' lease of the premises as set forth in the contract, to accept the amount of the purchase of the said plantation of $860, provided all rents have been paid in full up to the time the payment is made, and that at least one year's rent shall have been paid.' While it was not expressly stated, it was said that had this purchase money been repaid within that period, the defendant would have reconveyed the land to the plaintiff. This agreement is also without date as to the day of the month.

"The plaintiff also introduced in evidence a peculiarly constructed agreement in the following words: 'Bamberg, October 19, 1899. I hereby agree to accept $50 in month of January next from F. M. Ray, if paid in that month and have Mrs. Counts reconvey the plantation sold to her today.'

"The plaintiff dwelt strenuously on this paper to show the transaction was a mortgage, although the amount of the purchase money is not alluded to, and it refers in terms to the transaction as a sale of the plantation and is signed T. J. Counts, for S. H. Counts.

"On the 10th day of July, 1905, eight months after the expiration of the five years' lease, the plaintiff and defendant entered into another agreement in the form of a lease of the same property for ten years at an annual rent of $150 per annum, in which nothing is said about any resale or reconveyance, but seems to be a plain direct lease of the property by the plaintiff to the defendant for ten years. The oral testimony in the case upon which the plaintiff relies to convert what appears on the face of the papers to be a sale of the property into a mortgage is his unsupported statements to that effect. It is true that he introduced as witnesses and examined on his behalf other witnesses, J. H. Kirkland and J. W. Stokes, who testified substantially that they overheard conversations between the plaintiff and Col. T. J. Counts, who was acting for the defendant in the transaction, and from this casual conversation to which they admit that they

paid very little attention at the time, they took up the impression that the plaintiff was borrowing money, but frankly admitted that their recollection 'after a great lapse' of time were vague and uncertain.

"On the other hand, the defendant denies positively that the transaction was a loan of money, but on the contrary, that it was an out and out sale of the property, that she did accede to the request of her father-in-law, who acted for her in the transaction, to resell the property to the plaintiff at any time within the existence of the five years' lease upon the terms therein stipulated, the repayment of the purchase money and all rents due up to date. Col. T. J. Counts, the father-in-law of the defendant, testifies to the same thing, and also that he advised the plaintiff not to sell his land, but to borrow the money and discharge the mortgage debt then pressing upon him for payment, to which he objected upon the ground that he had been unable to support his large family and pay a debt of $600, and that it was hopeless for him to undertake to pay one of $860, and that he preferred to sell the property. One J. P. O'Quinn, who was present at the time and heard what passed between the parties, confirms this testimony of Colonel Counts. One J. Bessinger confirms Colonel Counts in this regard

"The testimony is very strong to the effect that since this transaction between plaintiff and defendant for the sale of this land, landed property has vastly increased in value in that neighborhood. One witness, G. F. Bamberg, testifies that a tract of land bought about fifteen years ago for $1,475 he has sold for $9,500, situated not far from the land in question. Another witness, E. C. Bruce, the county supervisor, testified that he bought a piece of land about one-half or three-quarters of a mile from this property three years ago for $600, and has refused $2,000 for the same property.

"Considerations like these admonish us that we should proceed with caution in setting aside or changing the

apparent meaning of written instruments upon oral testi-
mony. Only should it be done in very clear cases.

"After the plaintiff had paid rent to the defendant for five
years under an agreement to resell him the land at any time
within the continuance of that period, and after the lapse of
eight months from the expiration of that term he enters into
a contract to lease the place for ten years without any refer-
ence whatever to the agreement for a resale. Whatever
may have been the relation of the parties up to this time,
this contract in writing includes the same matter and every-
thing that went before it, and constitutes a complete waiver
of whatever rights the plaintiff may have had under a pre-
existing agreement.

"I must hold that the original contract between the plain-
tiff and the defendant was a sale of the land and not a debt
secured by a deed; that there was a contract between the
plaintiff and defendant to resell him the property within the
period of five years' upon the terms stated, which he could
have asked for specific performances of, had he complied on
his part, failing to do so and then making a new contract in
reference to the same matter for a ten years' lease of the
property, that the only rights he is entitled to is what he
derives from that instrument.

"It seems that pending this suit, two years' rent has been
paid unto the clerk of the court to abide the result of the
suit.

"It is ordered adjudged and decreed, that the complaint
be and hereby is dismissed with costs, and that the rents
in the hands of the clerk of the court be paid to the defend-
ant upon her individual receipt."

*Mr. B. T. Rice,* for appellant. No argument furnished
Reporter.

*Mr. S. G. Mayfield,* contra, cites: *Fraud under Stat. Eliz.:*
44 S. C., 635; 46 S. C., 475. *Deeds held to be mortgages:*
37 S. C., 491; 45 S. C., 677; 50 S. C., 175; 55 S. C., 527;

52 S. C., 54. *Deeds held not to be mortgages:* 54 S. C., 190; 55 S. C., 51; 61 S. C., 579; 56 S. C., 85.

May 19, 1909.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  After careful consideration of the evidence and argument, we think the reasoning of the Circuit Judge is conclusive.  His conclusions of law are in accord with the most recent decisions of this Court on the subject.  *Moseley* v. *Witt,* 79 S. C., 141, 60 S. E., 520; *Lewis* v. *Cooley,* 81 S. C., 461.

This Court adopts the decree of the Circuit Court, and affirms the judgment for the reasons therein stated.