## UNDERWOOD *v.* SLAGHT.

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—PLEA OF TITLE —JURISDICTION OF COMMISSIONER.

In summary proceedings before a circuit court commissioner to recover possession of certain premises, the mere plea of an equitable title by defendant under a land contract did not oust the commissioner of jurisdiction if defendant's rights under his land contract had been surrendered, and he was in fact a tenant.

2. FRAUDS, STATUTE OF—VENDOR AND PURCHASER—PAROL AGREEMENT TO SURRENDER FOLLOWED BY ACTS.

A parol agreement by a vendee, in default on his contract of

purchase, to surrender the premises and rent them of vendors, followed by the actual payment of rent as a tenant, *held*, a sufficient surrender of the contract by operation of law, expressly excepted from the provisions of the statute of frauds (3 Comp. Laws 1915, § 11975) requiring such agreements to be in writing.

3. APPEAL AND ERROR—EVIDENCE—HARMLESS ERROR.

In summary proceedings to recover possession of certain premises, where defendant had surrendered his rights under his contract of purchase, and was holding the premises as a tenant, any error in the admission of testimony that prospective purchasers were shown the premises in defendant's absence was harmless.

Error to Bay; Houghton (Samuel G.), J. Submitted January 5, 1921. (Docket No. 33.) Decided March 30, 1921.

Summary proceedings by Henry Underwood and another against William A. Slaght for the possession of leased premises. There was judgment of ouster before the commissioner, and defendant appealed to the circuit court. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Kinnane, Black & Leibrand*, for appellant.

*Gilbert W. Hand*, for appellee.

WIEST, J. Plaintiffs commenced this suit by summary proceedings before a circuit court commissioner to recover possession of certain premises sold by them to defendant on a land contract in 1914, and planted their right to recover upon the claimed fact that defendant, being in default upon the land contract, agreed in 1918 to give up his holding and rights thereunder and become a tenant of the premises and pay rent by the month, and that such agreement was executed by the payment and receipt of rent, and the tenancy

terminated by notice to quit. Defendant gave notice before the commissioner of possession under the land contract and of claim of title thereunder, and that he was not a tenant, and asked that the case be certified to the circuit court for trial of title. The commissioner declined to certify the case to the circuit and upon the hearing found that no title adverse to plaintiffs existed in defendant and that defendant was a tenant holding over after notice to quit and ordered restitution of the premises to plaintiffs. At the trial in the circuit court the jury, under the issues submitted, found that the defendant surrendered the land contract and became a tenant, and judgment was entered in favor of plaintiffs.

The case comes here upon writ of error and the questions presented are:

(1) The jurisdiction of the circuit court upon appeal under the claim of title raised before the commissioner?

(2) Whether the equitable title of defendant under land contract can be cut off by an executed parol agreement to take and hold as a tenant?

(3) Whether certain testimony was admissible?

Plaintiffs claim that defendant was in default in his payments under the land contract, and agreed to pay rent for the premises at $13 per month and did so pay, as the receipts in his own handwriting show.

Defendant claims that he agreed to pay $13 per month, and when he sent the first payment to plaintiffs a receipt came back from them, stating it was for rent, and he returned the receipt and it was changed to apply on the land contract; that later he went to see plaintiffs and they wanted the receipts to show that the money was paid for rent, and that he said to them:

"Suppose I take these receipts to apply as rent, Can I at any time pay up the arrears on that contract if it's absolutely necessary that you have got to have the

money? And it was agreed by Mr. and Mrs. Underwood right there that I should have the right to pay up the arrears at any time, if not, I would not accept that receipt as rent."

The first receipt after the claimed agreement to pay rent reads:

"BAY CITY, Nov. 19, 1918.
"Received of Wm. Slaght, seventy-six dollars rent for 707 Blend street, to February 1st, 1919.
.."HENRY UNDERWOOD."

Other receipts for rent up to March 1, 1920, follow.

Defendant admitted that all of the receipts reading for rent, except one, are in his handwriting. The court under proper instruction left it to the jury to say whether the agreement to terminate the land contract and to hold as a tenant was made and carried out.

The mere plea of title did not oust the commissioner of jurisdiction. *Butler* v. *Bertrand*, 97 Mich. 59. If defendant was a tenant the commissioner had jurisdiction.

The decision here turns upon the legal question of whether one in possession under land contract, and who gives up the contract rights, and takes and holds the premises as a tenant under verbal agreement to pay rent, and does pay rent, surrenders the land contract.

Defendant contends that the statute of frauds, 3 Comp. Laws 1915, § 11975, makes such an agreement void. The statute provides:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing."

It will be noted that this statute saves from its terms surrenders by act or operation of law. Gates on Michigan Real Property, § 616, states:

"The interest of the purchaser under a land contract is covered and protected by the statute of frauds, and for this reason it cannot usually be terminated except by instrument and writing. Nevertheless, a contract interest may be terminated by written cancellation of the contract of sale, signed by both parties. So, too, it may be terminated by the vendee's giving up the premises to the vendor and taking a lease of same."

In *Logan* v. *Anderson*, 2 Doug. (Mich.) 101, it was held that taking a new lease by parol is, by operation of law, a surrender of the old one. In *Miner* v. *Boynton*, 129 Mich. 584 (quoting from the syllabus), it was held:

"A vendee in a land contract, who, having failed to comply with its terms, and having been served with notice to vacate, leases the premises from the vendor, thereby surrenders his rights under the contract."

Appellant contends that under the statute there can be no surrender by parol and cites *McEwan* v. *Ortman*, 34 Mich. 325; *Grover* v. *Buck*, 34 Mich. 519; *Ripley* v. *Seligman*, 88 Mich. 177; *In re Reh's Estate*, 196 Mich. 210; *Stewart* v. *McLaughlin's Estate*, 126 Mich. 3; *Grunow* v. *Salter*, 118 Mich. 148. None of those cases, of course, hold that the statute prevents a surrender by act or operation of law, and none hold that such a surrender cannot be accomplished by the vendee in a land contract, in possession, taking a lease of the premises from the vendor. The term, by act or operation of law, had a well-understood meaning at the time of the origin of the statute of frauds.

"Probably the expression referred to such surrenders as were then known and which are mentioned in Plowden, *e.g.*, taking a new lease by lessee during the continuance of the old one, and thereby affirming that the lessor had power to make such lease." Reed on Statute of Frauds, § 772.

A mere verbal agreement to surrender is, of course, void. But actual performance of an invalid parol agreement will always be sufficient surrender by operation of law. Reed on Statute of Frauds, § 781, and cases there cited. Parties to a land contract, when the vendee is in default, are at liberty to terminate the contract by mutual agreement and assume toward each other and the land a new or different relation, and if this is accomplished by oral agreement, followed by acts of both parties unequivocally recognizing the termination of the land contract and in recognition of and in the exercise of rights in accordance with and under the new contract, such as a holding under and in pursuance of its terms, then there is a surrender of the land contract by operation of law and the parties themselves have taken the surrender from without the statute of frauds. See *Evans* v. *McKenna,* 89 Iowa, 362 (56 N. W. 527) ; *Bowman* v. *Wright,* 65 Neb. 661 (91 N. W. 580, 92 N. W. 580) ; *Eagle* v. *Pettus,* 109 Ark. 310 (159 S. W. 1116) ; *Moseley* v. *Witt,* 79 S. C. 141 (60 S. E. 520) ; *Telford* v. *Frost,* 76 Wis. 172 (44 N. W. 835).

It must be held that, under the facts as determined by the verdict, there was a surrender of the land contract by act and operation of law, and the judgment entered was right.

At the trial testimony was admitted relative to prospective purchasers being shown the premises in the absence of defendant but in the presence of his wife. If there was error in this, it was harmless and could in no way have prejudiced defendant upon the controlling issue left by the court to the jury.

We find no prejudicial error and the judgment is affirmed, with costs to appellees.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.