BARTON *v.* MOLIN.

1. VENDOR AND PURCHASER—VENDEE'S RIGHTS IN LAND CONTRACT
MAY NOT BE RELEASED EXCEPT IN WRITING — REPUDIATION OF
CONTRACT—ESTOPPEL.

Since the vendee's rights in a land contract may not be
released by an instrument in writing (3 Comp.
Laws 1915, § 11975), a vendee's attempt to repudiate a
land contract for the purchase of city lots, on the ground
that it was void under the statute of frauds, which was
successfully resisted by the vendor, would not estop the
vendee from afterwards enforcing the contract.

2. SPECIFIC PERFORMANCE — LAND CONTRACT — WHERE PREMISES
SOLD PENDING LITIGATION DAMAGES MAY BE AWARDED.

In a suit for the specific performance of a land contract,
where the land which is the subject of the controversy
is sold by the defendant pending the litigation and before
decree, the court may award damages in lieu thereof.

3. SAME—QUESTION OF JURISDICTION SHOULD BE RAISED BY PLEAD-
ING OR BRIEF.

If defendant, in a suit for the specific performance of a
land contract for the sale of city lots, desired to raise the
question of the court's jurisdiction to award damages in
lieu of specific performance, he should have raised the
question by his pleading or brief.

4. SAME — AWARD OF AMOUNT PAID AS DAMAGES IN LIEU OF
SPECIFIC PERFORMANCE EQUITABLE.

Where defendant sold the lots pending litigation, render-
ing specific performance impossible, an award to plaintiff
of the amount paid on the contract as damages, *held*,
equitable.

Appeal from Wayne; Shepherd (Frank), J., pre-
siding.    Submitted June 6, 1923.    (Docket No. 41.)
Decided November 13, 1923.

Bill by Delia M. Barton against Samuel B. Molin for

On right of vendee in contract for sale of real property to
recover payments where contract does not satisfy the statute
of frauds, see note in L. R. A. 1916D, 468.

the specific performance of a land contract.    From a decree for plaintiff, defendant appeals.    Affirmed.

*Ben C. Hughes,* for plaintiff.

*Daniel M. Lynch,* for defendant.

BIRD, J.   Defendant sold certain lots on McGraw avenue, in the city of Detroit, on contract to plaintiff for a consideration of $16,000.    A down payment of $500 was made.    Subsequently another payment of $200 was made.    Plaintiff dealt in real estate some and had a customer for this property, but for some reason lost him and then she did not care for the property.    She so indicated to defendant and demanded a return of her payments.    Defendant did not return them to her and she commenced an action of assumpsit to recover what she had paid, on the ground that the contract did not comply with the statute of frauds in describing the property.    In the circuit court she was successful and recovered a judgment.    Error was assigned in this court and it was held that the description of the property was sufficiently definite to make it an enforceable contract (219 Mich. 347).

After the case was reversed and sent back for a new trial it was transferred to the equity side of the court.    Plaintiff then filed her bill for specific performance of the contract.    The defendant answered, denying that she was entitled to that relief.    The chancellor who heard the case held that plaintiff was entitled to specific performance of her contract.    He found, however, that this was impossible as defendant had disposed of the premises since the litigation began.    It was held that plaintiff was entitled to damages and these were fixed at the sum of $700, the amount which she had paid on the contract.    From this decree defendant appeals.

Defendant contends that after making the contract with plaintiff she repudiated it, refused to make any further payments and demanded a return of the amount she had paid thereon, and in pursuance of this course she instituted a suit to recover the money she had paid. That by reason of this conduct plaintiff was not entitled to have a contract enforced which she herself had repudiated and refused to carry out. It was the view of the chancellor that plaintiff could not surrender or relinquish her contract rights except by a written memorandum signed by her. We are inclined to agree with this conclusion. The defendant did not forfeit the contract nor did he acquiesce in her refusal to go forward with the contract, but apparently stood in the position of demanding its fulfillment. We do not find from the testimony that plaintiff relinquished her rights in the contract by any written memorandum signed by her, and unless she did this she could not surrender her contract rights (3 Comp. Laws 1915, § 11975). In construing this statute in a case in which an attempt was made to show by parol an agreement to surrender a written contract, it was said:

"Under the statute of frauds such a stipulation would be void unless in writing, and the offer was not merely to show by parol a change in the terms of a written contract, but to show such an agreement as could not have been made by parol under any circumstances. The surrender was meant to release an equitable estate in fee simple, and an agreement for such a purpose cannot be made except by an instrument in writing signed by the party releasing or transferring it. A verbal agreement to transfer any other parcel of land would be no more contrary to the statute than one to release or surrender a parcel mentioned in a contemporaneous contract." *McEwan* v. *Ortman,* 34 Mich. 325.

To the same effect are *Grunow* v. *Salter,* 118 Mich. 148; *In re Reh's Estate,* 196 Mich. 210; *Stewart* v.

*McLaughlin's Estate,* 126 Mich. 1; *Underwood* **v.** *Slaght,* 213 Mich. 391; *Waller* v. *Lieberman,* 214 Mich. 428.

Defendant argues that a bill for specific performance will not be retained for assessment of damages where a case is not made out for specific performance, citing authorities. This argument is not pertinent to the present issue because we have held that it is a case for specific performance. The rule applicable here is that where the land, which is the subject of the controversy, is sold pending the litigation, and before decree, the court may award damages in lieu thereof. 25 R. C. L. p. 345, and cases. In the present case the sale was made after the litigation began, but not before the case was moved to the equity side of the court. No question is raised by defendant concerning the jurisdiction of the court. If defendant were desirous of raising the point that the court was without jurisdiction to award damages in lieu of specific performance, he should have raised the question by his pleading or brief. *Rees* v. *Smith,* 1 Ohio, 124.

This litigation has been conducted from its inception on technical phases. The case has been tried twice in the lower court and this is its second appearance in this court. The decree made by the trial court was a very equitable solution of the whole matter; it returned to plaintiff the payments which she had made on the contract. Good sense suggests that there be an end to the litigation.

The decree is affirmed. No costs will be allowed either party.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.