THWAITES FURNITURE CO. *v.* AUSTIN AUTOMOBILE CO.

FRAUDS, STATUTE OF—LEASES—LANDLORD AND TENANT.

> One taking over a five-year lease of a building without a written assignment thereof may not maintain an action against a sublessee for rent, since an assignment thereof in writing is expressly required by 3 Comp. Laws 1915, § 11975.

Error to Kent; Brown (William B.), J.    Submitted October 23, 1923.  (Docket No. 99.)    Decided December 19, 1923.

Assumpsit by the Thwaites Furniture Company against the Austin Automobile Company for rent. Judgment for plaintiff.  Defendant brings error. Reversed.

*Arthur F. Shaw,* for appellant.

*Lombard, McIntyre & Post,* for appellee.

BIRD, J.   A building situate at the intersection of Pearl street and Campau avenue, in the city of Grand Rapids, was rented by the owners to the Austin Automobile Company on February 10, 1920, for a period of five years.   On May 12th of the same year defendant subleased the store to plaintiff for a stated consideration and reserved the use of the top floor and the eastern part of the basement for a period of 18 months.   As the 18th month was about to expire plaintiff gave defendant notice that if it remained in the building beyond the 18 months reserved, it would demand as rent $250 a month.   Defendant did not vacate at the end of the reserved term, but continued in possession thereof, and this suit was begun

to recover the rent therefor. The matter was submitted to a jury and they returned a verdict of $4,000 for plaintiff.

Defendant assigns several errors, but the one chiefly relied upon is that the present plaintiff has no lease of the building, that defendant was never a tenant of the present plaintiff, and, therefore, the present plaintiff has no right to maintain suit for the rent. In order to see the force of this contention it will be necessary to recite briefly the facts upon which this contention is based. Soon after the plaintiff leased the building from defendant it shed its corporate charter, and John Thwaites, the principal owner, took over the assets and conducted the business under his own name. After doing so for about two years he re-incorporated under the same name, "Thwaites Furniture Company," and the assets passed from John Thwaites to the Thwaites Furniture Company.

Defendant's point is that the Thwaites Furniture Company (old company) never made an effective assignment of this sublease to John Thwaites, nor to the present Thwaites Furniture Company (new company), and, therefore, the present company (new company) has never had any interest in the lease and cannot maintain suit thereon.

Plaintiff replies to this that the assets of the old corporation (Thwaites Furniture Company) were turned over to John Thwaites, and later he, in turn, transferred them to the Thwaites Furniture Company (new company), the present plaintiff, and he cites the following testimony of John Thwaites in support thereof:

"At the time the old corporation was dissolved all its physical assets was turned over to me and became my property, including occupancy of the building. That was about July 1, 1920, and I continued to occupy and carry on the business under the same name until it was re-incorporated in September, 1922."

To counteract the effect of this testimony defendant cites the testimony of the same witness by question and answer, on his cross-examination:

"Q. Now, you say no assignment was made, or attempted to be made, from the old corporation to the assumed name concern, is that correct?

"A. I don't get that just right.

"Q. I say, that no assignment was made from the Thwaites Furniture Company, the old corporation, to John Thwaites, doing business under the assumed name?

"Mr. Lombard: I object to that. That is a legal conclusion, whether there was an assignment. The witness has testified he had stock and took over all the assets, and that amounts to an assignment of the property, of all the property.

"Mr. Shaw: You claim the lease can be assigned without a written assignment, written assignment, without making a written assignment?

"The Court: You change your question and ask if there was any direct assignment. That is the question, as I understand it.

"Mr. Shaw: Just answer the question, Mr. Thwaites.

"A. I do not know of any.

"Q. Well, if there had been any you would know of it, would you not? You say that it was your business, when it was a corporation, it was your business and under the assumed name?

"A. At the time I would, yes, but a good many things leave your mind.

"Q. Was there any assignment made, or attempted assignment made, when the new corporation was formed, from the assumed name concern to the new corporation?

"A. No, sir."

This testimony leaves us in doubt whether even an oral assignment was made by the old company to John Thwaites, but it establishes very clearly that no written assignment was ever made by the old company, either to Thwaites or to the new company. The Thwaites Furniture Company (old company) had the

title to this five-year lease.    The only way it could divest itself thereof was by a written assignment or surrender, and if it has never assigned or surrendered it, it still resides in that company (3 Comp. Laws 1915, § 11975).    This statute provides that:

> "No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing."

This statute has been construed in *McEwan* v. *Ortman,* 34 Mich. 325; *Grunow* v. *Salter,* 118 Mich. 148; *In re Reh's Estate,* 196 Mich. 210; *Stewart* v. *McLaughlin's Estate,* 126 Mich. 1; *Underwood* v. *Slaght,* 213 Mich. 391; *Waller* v. *Lieberman,* 214 Mich. 428; *Barton* v. *Molin, ante,* 8.

We have searched the record with some care to find something which would take the case out of the statute, but we have not been successful.    What the court records show, if the old company was dissolved by court proceedings, does not appear in the record. A directed verdict was requested upon this ground. The denial of the motion was reversible error.    Our holding upon this question disposes of the case, and it will be unnecessary to examine the other assignments.

The judgment is reversed and a new trial granted.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.